## Case No. 11,098.

### In re PHILLIPS.

[14 N. B. R. 219;[1] 3 Month. Jur. 457: 8 Chi. Leg. News, 409; 22 Int. Rev. Rec. 306.]

District Court, W. D. Michigan. May 8, 1876.

NOTARIES—REQUISITES OF OFFICIAL SEAL—PRESUMPTION—IMPRESSION UPON WAX.

1. The requisites of a notarial seal are determined by the law of the locality from which the official derives his authority.

2. An official seal is an impression on the paper directly, or on wax or wafer attached thereto, made by the official, as and for his seal.

3. In the absence of express legislation, an official seal need not contain the name of the official.

4. It is the seal, and not its composition or character of words and devices which raises the presumption of official character of which the courts take judicial notice.

5. The presumption is, that a seal is the official seal of the person it purports to be, and who subscribed the jurat.

6. Any impression made upon sealing-wax or wafer adhering to the paper, without any device or words indicative of the particular official, is entitled to judicial sanction as evidence of the official character of the individual who signs the jurat.

[In the matter of the bankruptcy of William W. Phillips.] In the matter of the proof of debt of Chase, Isherwood & Co.

WITHEY, District Judge. Chase, Isherwood & Co., of Ohio, proved their claim against the bankrupt estate before a notary public of Lucas county, Ohio, who subscribed the jurat "A. E. Scott. Notary Public, Lucas

1 [Reprinted from 14 N. B. R. 219, by permission.]

Co., Ohio." On the paper containing his certificate is impressed a seal, containing the words "Notarial Seal, Lucas Co., Ohio," in the center of which seal is distinctly seen a device of some kind impressed upon the paper. We are referred to, but cannot follow the judgment in, Re Nebe [Case No. 10,073], where it was decided by Mr. Register Clark, of the Eastern district, and approved by Judge Longyear, that a proof of debt before a notary public of Wayne county, Michigan, authenticated by his signature and a seal impressed on the paper, containing the words "Notary Public, Wayne Co., Michigan," was defective and insufficient, because the name of the notary was not on the seal, and impressed upon the paper. Reference was made in that case to Gage v. Railroad Co., 11 Iowa, 310, 314, in support of the conclusions reached. The certificate and seal in the Iowa case were those of a commissioner for the state of Iowa, residing in New York. He certified to an affidavit made before him, and authenticated it by his signature and a seal, in the body of which the name of the state, "Iowa," was written with a pen, and not impressed. The authenticated seal in the Iowa case was partly impressed and partly in writing, which fact alone would render the seal not entitled to credit as evidence, for the Iowa Code requires the commissioner's seal to be impressed on the paper, or on wax or wafer thereon. It also requires the seal of a notary public to have his name and the words "Notarial Seal, Iowa," thereon, so as to impress the same upon his certificates. That case, therefore, while undoubtedly rightly decided, comes far short of authority for the rejection of the seal as evidence in the case of Chase, Isherwood & Co.'s claim.

The generally received doctrine is that a notarial seal proves itself. Starting out with this fundamental rule, the question is presented, what is it that determines the character or make-up of a notary's or other official's seal? We answer, it is determined by the law of the locality from which the official derives his authority; or, if there is no law prescribing what the seal shall be, resort must be had to the common law to ascertain. So far as we can learn, the laws of Ohio do not prescribe what the seal shall be, or, at least, do not require that the name of the notary shall be thereon, as the laws of Michigan do not. At an early date, a seal was an impression on wax, according to Lord Coke. 3 Inst. 169. Signets and rings were used from very ancient times to make impressions in wax, as seals. Afterwards an impression upon wax, wafer, or other tenacious substance capable of being impressed, was held sufficient as a seal. 5 Johns. 230. A plate of metal, on which is engraved the arms or device of a public official, has long been used. More recently, machines which stamp the paper and impress the seal thereon, without wax, wafer, or other substance to receive the stamp, are held sufficient as to public official

seals. Pillow v. Roberts, 13 How. [54 U. S.] 472. Where has it ever been held in common-law courts that an official's seal must contain his name? We fail to find one in the absence of express legislation. An official seal, then, is the impression on the paper directly, or on wax or wafer attached thereto, made by the official as and for his seal. But how are courts to know that it is his seal unless it contains his name, not written, but impressed on the document? The seal of a notary public is taken judicial notice of, the world over. We venture to affirm that the presumption in favor of an official seal does not arise from the name impressed on the paper; on the contrary, it is the seal which authenticates, not the particular name, word, or device on it. This is in harmony with the common-law idea of a seal, viz., the impression, and had its origin in those days when the great men and official dignitaries of earth could not write their names, and so had to sign by the signet, ring, cross, etc. Hence the seal impression placed upon a document by a notary public, signifies authentication of his official character. It is the seal, and not its composition or characters of words and devices, which raises the presumption of official character, of which courts take judicial notice. Accordingly, it has been held sufficient, when the words and devices have been so far obliterated and defaced from a seal that nothing certain could be made out as to its particular character, if enough remained to show satisfactorily that the document had been sealed. Again, where, owing to defacement or obliteration, the question is raised as to a seal having been impressed, the fact has been referred to a jury for a verdict. Follett v. Rose [Case No. 4,900]; Orr v. Lacy [Id. 10,589]. Suppose, then, this was the case of a partially obscured or defaced seal, or one whose impression was so imperfect that the words and character upon it could not be made out; the only question would be, was it sealed, and not whether the name of the notary appeared. Our opinion is, that the seal in this case, of which we take judicial notice, is evidence of the notarial character of Scott; the presumption being that it is the official seal of the person it purports to be, and who subscribes the jurat. We even think any impression made upon sealing-wax or wafer adhering to the paper, without any device or words indicative of the particular official, would be equally entitled to judicial sanction as evidence of the notarial or official character of the individual signing his name as "Notary Public, Lucas Co., Ohio." The register is directed to allow the proof of claim. The clerk will certify this opinion to the register.