WILLIAM H. JOHNSON *vs.* BENJAMIN F. BROWN.

Middlesex.   January 15, 16, 1891. — June 25, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Promissory Note — Notarial Certificate — Notice to Indorser — Mailing.*

Any instrument, purporting to be a protest of a bill or note duly certified by a notary public under his hand and official seal, is competent evidence thereof, without proof that the signature is his, or that he is a notary at the date of the protest.

A notice of the non-payment of a promissory note, addressed to the indorser and deposited in a post-office box in a public street, is duly mailed to him.

CONTRACT on a promissory note, dated June 6, 1889, and payable three months after date at any bank in Boston, and indorsed by the defendant.

At the trial in the Superior Court, before *Hammond*, J., the plaintiff, for the purpose of showing that the note was duly protested for non-payment, offered in evidence a paper, purporting upon its face to be a notarial certificate of one Briggs, with a seal thereon, setting forth that on September 9 he made demand for payment of the note at a certain bank in Boston, and protested the note for non-payment.   The defendant contended that there must be some evidence of the signature of the notary, and also some evidence that Briggs was a notary at the time the note was protested.   The judge ruled that the certificate was admissible without such evidence, and admitted the certificate, against the defendant's objection; and the defendant excepted.

The plaintiff further testified, that he received two notices on September 10, about nine A. M., from the cashier of the bank, of the dishonor of the note, and that on the same day, and about ten A. M., he mailed one of these notices to the defendant, postage prepaid, and addressed to him at Waltham, by depositing the notice in a post-office box in a public street, and about five minutes' walk from the post-office building in Waltham.   There was no evidence introduced as to the time or manner of collecting letters deposited in this post-office box, or what length of

time would elapse after a notice so deposited would reach the post office itself.

The defendant asked the judge to rule that the deposit of the notice in a post-office box on the street was not sufficient, and that it should have been deposited in the post office itself; but the judge refused so to rule, and the defendant alleged exceptions.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. M. Browne,* for the defendant.

*R. M. Stark,* for the plaintiff.

ALLEN, J. 1. The notarial certificate of protest was competent, without further proof. This has often been so held, in respect to foreign bills. *Porter* v. *Judson,* 1 Gray, 175. *Pierce* v. *Indseth,* 106 U. S. 546. *Browne* v. *Philadelphia Bank,* 6 S. & R. 484. For this purpose, the different States of the Union are deemed foreign to each other, so that a notarial certificate of protest under seal is good on mere production. *Townsley* v. *Sumrall,* 2 Pet. 170. *Halliday* v. *McDougall,* 20 Wend. 81. *Carter* v. *Burley,* 9 N. H. 558, 566. See also *Phœnix Bank* v. *Hussey,* 12 Pick. 483. By St. 1880, c. 4, re-enacted in Pub. Sts. c. 77, § 22, protests of domestic bills of exchange and notes are put upon the same basis. The meaning is the same as if the language had been, that any instrument purporting to be a protest of a bill or note, duly certified by a notary public under his hand and official seal, shall be *prima facie* evidence. Notaries public hold office under the Constitution. With the aid of the statute, if not without, courts may take judicial notice of the seal of the notary public, and as a next step, may take notice of his signature also. 1 Greenl. Ev. §§ 5, 6. *In re Phillips,* 14 Nat. Bank. Reg. 219. *Denmead* v. *Maack,* 2 MacArthur, 475. *Tunstall* v. *Parish of Madison,* 30 La. An., pt. 1, 471, 477. *Wetherbee* v. *Dunn,* 32 Cal. 106. *Graham* v. *Anderson,* 42 Ill. 514. *State* v. *Williams,* 5 Wis. 308.

2. The deposit of the notice in a post-office box on the street was just the same, in legal effect, as if it had been deposited in a box at the post office. *Skilbeck* v. *Garbett,* 7 Q. B. 846. *Pearce* v. *Langfit,* 101 Penn. St. 507.

*Exceptions overruled.*