MANUFACTURERS NATIONAL BANK *vs.* ISAAC SIMON.

Suffolk.   March 23, 1923. — May 25, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes*, Presentment, Notice of dishonor.  *Evidence*, Presumptions and burden of proof.  *Notary Public.*

A negotiable promissory note was payable to the order of the maker " at Mafs. Nat. Bk." and was discounted by the Manufacturers National Bank of Lynn in renewal of other similar notes; and, the note not being paid when due, that bank as holder in due course brought an action against the last of three indorsers, at the trial of which it appeared that, when the note was made, the plaintiff was the only bank of that name in Massachusetts and there was no evidence that at that time there was any other bank in the United States of the name.  The only evidence of presentment was the certificate of a notary public that he " demanded payment thereof of the Manufacturers National Bank, Lynn, Mass., which was refused by the Teller saying ' Payment Refused,' " and testimony by him that he " Protested it in the usual way."  *Held*, that

(1) The presentment at the plaintiff bank was good, it being plain that all parties to the note knew and understood that the place where the note was to be presented was at the bank of discount, the plaintiff bank;

(2) In the absence of evidence to the contrary, the notarial certificate and the testimony of the notary were sufficient to raise the presumption that the notary presented the note for payment during banking hours in compliance with G. L. c. 107, § 98, and, although there was no statement to that effect in the certificate, that the note was exhibited at the time of presentment as required by § 97 of the statute.

The second indorser on the note above described was a corporation, the name of which was signed " by " the treasurer, who as an individual was the third indorser and the defendant, and following his name was an address.  The notarial certificate stated: " The note remaining unpaid, I duly and officially notified the endorsers . . . [here followed the names of the two first indorsers, the defendant's name as treasurer following the name of the second] . . . under cover to . . . [the defendant's name, followed by the address given on the note] . . . (postage prepaid) of said notices requiring payment."  *Held*, that

(1) In the absence of evidence to the contrary, the fair interpretation of the certificate was that the notary gave notice to each of the indorsers,

giving notice to the second corporation under cover to its treasurer, who was the same individual as the defendant, and to the defendant personally at the address named;

(2) The certificate raised the presumptions that the notice was addressed rightly to the defendant at the address given, and that it was mailed seasonably.

CONTRACT by a holder in due course of the promissory note described in the opinion. Writ in the Municipal Court of the City of Boston dated May 28, 1919.

Material evidence and findings at the trial in the Municipal Court are described in the opinion. At the close of the evidence, the plaintiff asked for a ruling that, "upon all the evidence the plaintiff is entitled to recover." This ruling was refused. The plaintiff also asked for a ruling that " a protest certificate, when offered, is *prima facie* evidence of notice given to the indorsers; such protest is *prima facie* evidence of notice of non-payment to a person becoming a party by placing his signature upon the back of the note before delivery." Upon this request, the ruling was, " It depends on what it shows."

There was a finding for the defendant, and the action was reported to the Appellate Division, who ordered the entry, " Report dismissed." The plaintiff appealed.

*W. Hirsh,* for the plaintiff.

*E. Greenhood,* for the defendant.

PIERCE, J. This is an appeal by the plaintiff from the order " Report dismissed " of the Appellate Division of the Municipal Court of the City of Boston. The report of the single judge of that court to the Appellate Division contains all the material evidence and the special findings, hereinafter set forth. The action is one of contract against an indorser of the following promissory note:

" $1500.00                                    Dec. 17, 1914.

Four months after date we promise to pay to the order of ourselves fifteen hundred dollars at Mafs. Nat. Bk. Value received.

(Signed)    C. D. Wright Co.
            B. Goldoff, Treas.
            344 Blue Hill Ave.

(Endorsed)          C. D. Wright Co.
                    B. Goldoff, Treas.
                    Simon Mfg. Co.
                    Isaac Simon, Treas.
                    Isaac Simon."

The answer is a general denial and payment.

The defendant, by his counsel, disputed both due presentment and due notice of dishonor. There was evidence from which it could be found that the note was executed as alleged and that the plaintiff was the holder thereof when the action was brought. There was also evidence that the note was given for good consideration and had not been paid, except that the plaintiff had received from the estate in bankruptcy of the maker on November 8, 1916, $75, and on April 1, 1918, $30; and that the maker's place of business was at No. 344 Blue Hill Avenue, Boston.

In 1915, April 17 fell on a Saturday, and the following Monday, April 19, was a legal holiday. The certificate of this notary, omitting its heading, is as follows, the words and figures italicized being written or typewritten by the notary:

" On the *20th* day of *April* in the year of our Lord one thousand nine hundred *fifteen* I, Clifton Colburn, notary public, duly admitted and sworn and practicing in said Commonwealth, at the request of Clifton Colburn, Esq., Cashier of the Manufacturers National Bank, Lynn, Mass., went with the original *note* which is hereto annexed, the time therein limited and grace having fully elapsed, and demanded payment thereof of the Manufacturers National Bank, Lynn, Mass., *which was refused by the Teller saying ' Payment Refused.'*

" The *note* remaining unpaid, I duly and officially notified the *endorsers*:

*C. D. Wright Co., B. Goldoff, Treas.,*
*The Simon Mfg. Co., Isaac Simon, Treas.,*
*Under cover to*
*Isaac Simon, 116 Bedford St., Boston, Mass.*
(postage prepaid) of said *notices* requiring payment.
. . . "

The defendant called by the plaintiff, did not deny receiving notice of protest, nor was he interrogated upon that point. The judge found for the defendant, making the following special finding: " I find the defendant signed note which was in renewal of a series of earlier notes by the same parties, discounted by the plaintiff. The Simon Manufacturing Company, Isaac Simon, Treasurer, had had an account with the plaintiff. There is another Manufacturers National Bank in Buffalo, New York, and another in Cambridge, Mass. It does not appear if latter existed in 1914. The only evidence of presentment for payment and notice of dishonor was contained in the notarial certificate, and the testimony of the notary that he ' protested it in the usual way.' " The judge ruled that the presentment was good but as to this defendant the notice of dishonor was not good, and reported these rulings and the plaintiff's requests for rulings, which need not be stated, for determination of the Appellate Division.

The presentment at the Manufacturers National Bank, Lynn, Massachusetts, was good. That bank at the time of the making of the note was the only Manufacturers National Bank in Massachusetts and in so far as appears by the evidence the only national bank of that title then in the United States. Moreover, the Manufacturers National Bank of Lynn discounted this note in renewal of other similar notes. It is plain all parties to the note knew and understood that the place where the note was to be presented was at the bank of discount, the Manufacturers National Bank of Lynn.

The contention of the defendant that the presentment at the bank was bad because it does not appear by the notarial certificate that the presentment was made during banking hours is not tenable. The notarial certificate that the notary " demanded payment thereof of the Manufacturers National Bank, Lynn, Mass., which was refused by the Teller saying ' Payment Refused,' " taken in connection with his testimony that he " protested it in the usual way," is sufficient to raise the presumption that the notary presented the note for payment during banking hours in compliance with G. L. c. 107, § 98, in the absence of any evidence

to the contrary. *Archuleta* v. *Johnston,* 53 Col. 393, 396. G. L. c. 107, § 13. In the absence of all evidence other than that afforded by the notarial certificate, a like presumption overcomes the contention of the defendant that the presentment was not proper because the notarial certificate does not in terms state that the note was exhibited at the time of the demand, as is required by G. L. c. 107, § 97.

The final contention is that notice was not given of the dishonor and non-payment of the note to the defendant indorser, Isaac Simon, as required by G. L. c. 107, § 112. We think the notice was legally given and sufficient. The negotiable instrument law G. L. c. 107, § 13, provides " The protest of a bill of exchange, promissory note or order for the payment of money certified by a notary public under his hand and official seal shall be *prima facie* evidence of the facts stated in such protest, and of the giving of notice to the drawer or endorser." The certificate of protest under the hand and seal of the notary in the pending case reads as follows:

" . . . The *note* remaining unpaid, I duly and officially notified the *endorsers*:

C. D. *Wright Co., B. Goldoff, Treas.,*

*The Simon Mfg. Co., Isaac Simon, Treas.,*

*Under cover to*

*Isaac Simon, 116 Bedford St., Boston, Mass.*

(postage prepaid) of said *notices* requiring payment. . . ." In the absence of any contradictory evidence we think the fair interpretation of the certificate is that the notary gave notice to each of the indorsers, giving notice to The Simon Manufacturing Company, Isaac Simon, Treasurer, under cover to Isaac Simon and to Isaac Simon personally at 116 Bedford Street, Boston, Massachusetts, and raises the further presumption that the notice was addressed rightly to the defendant when addressed to him at 116 Bedford Street, Boston, Mass., and that it was mailed seasonably. *Zollner* v. *Moffitt,* 222 Penn. St. 644, 651.

It results that the entry " Report dismissed " must be reversed and judgment entered for the plaintiff.

*So ordered.*