THOMAS J. GETHINS *vs.* WILLIAM J. BREEYEAR.

Suffolk. March 24, 1925. — May 20, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Bills and Notes,* Presentment. *Evidence,* Presumptions and burden of proof, Notarial certificate, Admitted without objection.

If, at the trial of an action against the maker of a check, a notarial certificate setting forth presentment and nonpayment but not bearing the notary's official seal is admitted in evidence without objection or exception, it has full probative effect as *prima facie* evidence of the facts therein stated, although, had it been objected to, it must have been excluded as incompetent.

CONTRACT against the maker of two checks upon a bank. Writ in the Municipal Court of the City of Boston dated September 8, 1923.

Material evidence at the trial in the Municipal Court is described in the opinion. The trial judge found for the plaintiff "for the amount claimed on his declaration" and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*D. F. McCormack*, for the defendant.

*S. Miller*, for the plaintiff.

CARROLL, J.   This action is to recover on two checks signed by the defendant as maker and drawn on the Back Bay National Bank, one for $25 dated March 28, 1922, payable to the order of "Cash," and one for the sum of $75 dated April 3, 1922, payable to the plaintiff.   The defendant's contention is that there was no evidence of presentment. The judge found that the checks were presented at the bank. Both bore the notation, "Protested Non payment G. K. Gashell Notary Public May 24, 1922."   No seal of the notary public was attached to the notation, but no objection was made to the notation, and the certificate was in the case without exception.

Assuming that under ordinary circumstances the drawer is not held until the check has been presented to the bank and payment refused, *Usher* v. *A. S. Tucker Co.* 217 Mass. 441, "The protest of a bill of exchange, promissory note or order for the payment of money certified by a notary public under his hand and official seal shall be *prima facie* evidence of the facts stated in such protest, and of the giving of notice to the drawer or endorser."   G. L. c. 107, § 13.   *Manufacturers National Bank* v. *Simon*, 245 Mass. 325.

The official seal of a notary should be added to the certificate to make it *prima facie* evidence of the giving of the notice to the drawer. *Manufacturers National Bank* v. *Simon, supra.*   See *Opinion of the Justices*, 150 Mass. 586, 589; *Johnson* v. *Brown*, 154 Mass. 105.   If objection were made, the certificate without a seal could not be received in evidence.   It was incompetent, but incompetent evidence which is admitted without objection, becomes evidence in the case and has probative effect.   *Damon* v. *Carrol*, 163 Mass. 404, 409.   *Walker Ice Co.* v. *American Steel & Wire Co.* 185 Mass. 463, 481.   *Rapson* v. *Leighton*, 187 Mass. 432.   *Jaquith* v. *Morrill*, 204 Mass. 181, 189.   There are exceptions to this rule.   Where parol evidence is admitted without objection, it can have no effect to vary a written instrument. *Black* v. *Bachelder*, 120 Mass. 171.   *Mears* v. *Smith*, 199

Mass. 319.  But this exception has no application in the case at bar.  There was evidence from the certificate under the hand of the notary public that the check was presented May 24, 1922, and payment refused.  This was some evidence of its presentment.  There was no error of law in finding that the checks were duly presented at the bank.

The other questions arising at the trial are not argued by the defendant in his brief, and we treat them as waived.

*Order dismissing report affirmed.*