S. W. FARBER *vs.* ERNEST E. SACKETT.

Essex.    March 4, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes*, Holder in due course, Protest, Indorser. *Evidence*, Presumptions and burden of proof, Notarial certificate.

If, at the trial of an action upon a promissory note, the plaintiff produces the note indorsed by the payee in blank, the plaintiff under the provisions of G. L. c. 107, §§ 80, 82, is entitled to a finding that he was a holder of a note in due course free from any defect of title of prior parties unless other evidence is introduced which is found to require a contrary conclusion.

The mere fact, that the recitals in a notarial certificate of protest of a negotiable promissory note which had been indorsed in blank by the payee did not show that the name of one who has brought an action upon the note as holder in due course was on the note as an indorser or that notice of protest was given to him as indorser, does not require a finding that the plaintiff was not a holder in due course.

CONTRACT against the maker of a negotiable promissory note payable to Joseph E. Greene, Inc., and indorsed by the payee in blank. Writ in the District Court of Southern Essex dated December 10, 1924.

Material evidence and rulings in the District Court are described in the opinion. There was a finding for the

plaintiff. The judge reported the action to the Appellate Division for the Northern District, who ordered the report dismissed. The defendant appealed.

*H. A. Bowen,* for the defendant.

*N. Efron,* for the plaintiff.

CARROLL, J. This is an action by one claiming to be the holder in due course against the maker of a promissory note dated October 10, 1923, and payable November 15, 1923, to the order of Joseph E. Greene, Inc. The plaintiff alleged in his declaration that he became the holder of the note before its maturity; that "said note was duly presented for payment on November 15, 1923, and said note was duly protested for non-payment."

At the trial the plaintiff put the note in evidence, as well as the notary's certificate of protest, and certain interrogatories propounded to the defendant, in which the defendant admitted the execution of the note and stated that he paid the note by check to Joseph E. Greene, Inc. on November 23, 1923. The defendant's answer was a general denial and payment. The notary's certificate sets forth the demand, the refusal of payment at the trust company where the note was payable, and notice to the indorsers of the maker's default by written notice, including as one of the indorsers "Simon Farman." The name of the plaintiff, Simon W. Farber, does not appear in the notary's certificate. From an order by the Appellate Division of the District Court, dismissing a report by the trial judge, who found for the plaintiff, the defendant appealed.

The holder of a negotiable promissory note is deemed *prima facie* to be the holder in due course. G. L. c. 107, § 82. Having the note in his possession and producing it at the trial, therefore, was some evidence that the plaintiff held it in due course, "free from any defect of title of prior parties." G. L. c. 107, § 80. Having the title to the note the plaintiff was entitled to prevail unless the evidence in his favor was overcome. See *Parker* v. *Roberts,* 243 Mass. 174, 176.

The defendant contends that, because the certificate of the notary does not disclose the plaintiff's name, and shows Simon Farman to be the indorser, it could not be found that

the plaintiff was a holder 'in due course. The notary's certificate did not deprive the plaintiff of his rights under the note. The defendant's liability as maker did not depend on the accuracy of the certificate. This liability was not conditional, G. L. c. 107, § 83, and the plaintiff's right to recover is not affected by the statements of the notary. It could have been found that the note bore the indorsement of Simon W. Farber and that this indorsement was upon the note when it was protested for nonpayment. The plaintiff, therefore, could recover.

The provision of § 13 of G. L. c. 107, that the protest of a notary is *prima facie* evidence of the facts stated in the protest and of the giving of notice to the drawer or indorser, did not require the trial judge to find that the plaintiff was not a holder in due course, and there is nothing in *Manufacturers National Bank* v. *Simons*, 245 Mass. 325, 329, and *Aradalou* v. *New York, New Haven & Hartford Railroad*, 225 Mass. 235, contrary to what is here decided.

*Order dismissing report affirmed.*