*Southern Division*

## THE GRAMATAN NATIONAL BANK & TRUST COMPANY OF BRONXVILLE
### v.
## WILLIAM R. FIGUEIREDO ET AL

*Present:* NASH, P. J., WELCH AND CALLAN, JJ.

*Welch, J.* This is an action of contract in which the plaintiff seeks to recover upon a promissory note. The answer is a general denial, and allegations of payment, failure of consideration, denial of signatures, no consideration, that the plaintiff was not a holder in due course, and that the defendants notified the plaintiff that work done by the United Remodeling Company was unsatisfactory before said note became due.

At the trial one Coopersmith, testified: that he was President of the United Remodeling Company which in January 1955 made a written agreement with the defendants to install storm and screen windows and a storm door for $410.00. This agreement contained a manufacturer's guaranty for life, that the windows would not leak or steam up. There were oral warranties and representations to the same effect. When the agreement was signed the defendants also signed an application for credit on a form which bore the name of the plaintiff. Attached to the application was a form of note, which was not filled in but was signed by the defendants. On the note were the words "Negotiable and payable at the office of the Gramatan National Bank and Trust Company of Bronxville, New York." The defendants were told that the bank would extend credit if they were found satisfactory. The note was for $495.92, dated February 23, 1955. The installation was completed on or about February 14, 1955 and after that date Coopersmith mailed the application for credit and the attached note to Old Colony Distributors. About a week later he was notified by the defendants that the windows were not satisfactory.

One Moore testified for the plaintiff that he was an assistant cashier employed by the plaintiff bank and that the note was purchased by the plaintiff on February 24, 1955 from the Gramatan Co., Inc., an affiliate of the plaintiff bank, and received on February 28, 1955; and that on March 15, 1955

the plaintiff wrote the United Remodeling Company regarding the improper workmanship. There was in evidence a "Spot Check Report," so-called, dated March 2, 1955 and received by the plaintiff on March 14, 1955. He did not know who completed the note and the plaintiff did not know anything about Old Colony Distributors, except that that name appeared on a ledger card as co-maker.

The defendants testified that the agreement was made about January 28, 1955 and they did not know they had signed a note. The windows were installed about February 14, 1955 and were unsatisfactory.

The defendants claim to be aggrieved by the denial of some of their requests for rulings. These requests and the action taken by the judge are as follows:

1. There is sufficient evidence to warrant the court to make a finding for the defendants. (*Denied. See findings of fact.*)

2. The evidence does not warrant a finding for the plaintiff. (*Denied. See findings of fact.*)

3. As a matter of law, upon all the evidence, there has been a material alteration of the note, thereby rendering it void. *Mumford v. Coghlin*, 249 Mass. 184, 190. (*Denied. See findings of fact.*)

5. As a matter of law, the plaintiff is not a holder in due course. (*Denied. See findings of fact.*)

6. As a matter of law, upon all the evidence the plaintiff is not a holder in due course. (*Denied. See findings of fact.*)

8. As a matter of law, all defences which the defendants have against the payee United Remodeling Co. are good defences as against the plaintiff. (*Denied.*)

11. As a matter of law the note in the instant case was filled in completely without the authority of the defendants and that the original tenor of the note was a blank instrument. (*Denied. See findings of fact.*)

12. Upon all the evidence the defendants had no knowledge that the paper which they signed in blank was a note or a negotiable instrument. (*Denied. See findings of fact.*)

The court filed a memorandum of findings of facts as follows:

"This is an action in contract, the plaintiff seeks to recover upon a promissory note, signed by the defendants.

The note was originally given in payment for installing combination storm and screen windows and combination storm and screen door. The agreeement between the United Remodeling Co. and the defendants dated January 28, 1955, stated in part;

'These windows carry the manufacturers guarantee for life.'

The purchase price was $410.00 payable in thirty-six months with monthly installments of $13.10 each a finance charge of .......... is included in the monthly payments. On the same day, namely Jan. 28, 1955 the defendants signed an application for the credit to the Gramatan National Bank and Trust Company of Bronxville, this application carried the amount of credit requested for thirty-six months on $410.00 exclusive of finance charges and the United Remodeling Co. was named as contractor, dealer, etc. At the same time the defendants signed the note in suit, which then bore only the printed part and the defendants' signatures.

The issue was, whether the plaintiff was a holder in due course.

During the trial the defendant sought to show that the note had been materially altered, and they claimed that the plaintiff was bound by and charged with, what the Gramatan Company, Inc., of Bronxville, New York, a company with offices in Boston, and described as an affiliate of the plaintiff on the face of the Credit Statement Application, had done in connection with the credit statement, the note

and the ultimate purchase of the note by the plaintiff, and that its action would establish that the plaintiff was not a holder in due course, and permit the defendants to set up failure of consideration against it.

I find the work was completed February 23, 1955, the date of the note.

I find that the plaintiff agreed with the Gramatan Company, Inc. over telephone to purchase said note, on February 24, 1955 and actually paid for same on February 28, 1955.

I find that the plaintiff had no knowledge of any disatisfaction with the work until March 2, 1955, and the plaintiff is a holder in due course.

I find that the note was completed prior to its delivery to the plaintiff and in accordance with the understanding between the makers and the payee. The wife, Diane L. Figueiredo testified that a man from the bank called upon her approximately two weeks after February 9, 1955. I find that a man from the Brockton office of the Retail Credit Company and Retail Commercial Agency called upon the said defendant some time on or after March 2, 1955, that he made an inspection of the work at the request of the plaintiff in its usual course of business, that the request was dated March 2, 1955, and was received back by the Plaintiff on March 14, 1955; Spot Check Report refers to a complaint by the wife as follows:

'Remarks: The wife of the above named stated that the windows did not fit right and water formed between them and the house windows. The water would leak into the house and down the walls. The contractor has been promising to fix it but repeatedly failed to do anything but talk, quite dissatisfied with the work.'

I find this was the first time anyone had called representing the plaintiff and that it was March 14, 1955 when the plaintiff first knew of the complaints as to the work.

I find that the plaintiff and the Gramatan Co.,

Inc. are separate and distinct corporations, each being a separate legal entity and neither being responsible for the act of the other.

I find no evidence that the Gramatan Company, Inc. did anything as to said note, as to the purchase of it from the Old Colony Distributors and its sales to the plaintiff that would preclude or affect the said plaintiff from being a purchaser and holder in due course.

I find the note was completed and not altered, that the amount of the note and the monthly payments are in conformity with the credit sought on the sum of $410.00, plus finance charges. However, the plaintiff being a holder in due course is entitled to the amounts as filled in, in the notes. (G. L. c. 107, §36).

Any rights that the defendants have as to the amount due under the contract or as to the work not being properly done, are against the contractor, the United Remodeling Company, and not against the plaintiff. The fact that the United Remodeling and Realty Co. Inc. did business as the United Remodeling Co. and such name as appears as the payee in, and the endorser of, the note, is not a defense to the note, nor does it affect the plaintiff as a holder in due course.

The note, upon the blank endorsement of the payee, became bearer paper, was turned over to the Colony Distributors, Inc. in payment for material, and was discounted by the Gramatan Company, Inc. and sold to the plaintiff bank.

In conclusion I find on all of the evidence, the plaintiff is a holder in due course, the defendants have failed in their defences and in their offer of proof, namely 'That the bank would investigate the credit of the applicant, and if found satisfactory would install windows, and also the bank would check the job after the work would be completed,' as there had been some talk about a guarantee.

Therefore, I find for the plaintiff in the amount

of $542.17 with interest from August 16, 1955 to October 3, 1956 and costs. The amount of $542.17 is computed as follows:

| | |
|---|---:|
| Note | $495.92 |
| Attorneys fee | 89.23 |
| Interest to July 19, 1955 | 8.36 |
| Interest from July 19, 1955 to August 16, 1955 | 2.66 |
| | $596.17 |
| Less payment 8-16-55 | 54.00 |
| | $542.17" |

The Court found for the Plaintiff.

We think there was no error. G. L. c. 107, §80 provides that "A holder in due course holds the instrument free from any defect of title of prior parties, and free from defences available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." The plaintiff was the holder of the note and "is deemed prima facie to be the holder in due course." *Farber v. Sackett*, 255 Mass. 569, 570; G. L. c. 107, §82.

G. L. c. 107, §75 defines a holder in due course as "a holder who has taken the instrument under the following conditions;

1.   That it is complete and regular upon its face;

2.   That he became the holder of it before it was overdue - - - - -;

3.   That he took it in good faith and for value;

4.   That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The judge specifically found that the note was completed February 23, 1955, the date of the note; that on February 24, 1955 the plaintiff agreed with the Gramatan Co., Inc. to buy the note and paid for it on February 28th; that the plaintiff had no

knowledge of any dissatisfaction with the work until March 2, 1955; and that the note was completed prior to its delivery to the plaintiff and in accordance with the understanding between the makers and the payee. In other words, the judge has found that all of the conditions necessary to make the plaintiff a holder in due course were present, and we cannot disturb his finding.

*The order is — Report dismissed.*

Loring D. Goodale, for the plaintiff.
Ely H. Chayet, for the defendants.