Dear Representative Cairns:
This opinion is in response to your question asking:
 May a county recorder of deeds refuse to accept for recording documents imprinted with a notarial seal which includes the county of residence of the notary public before whom the documents are executed?
Section 486.040, RSMo Supp. 1975, provided:
 Every notary public shall provide a notarial seal, on which shall be inscribed his name, the words "notary public", the name of the county or city, if appointed for such city, in which he resides and has his office, and the name of the state. Immediately below his signature in any certificate or acknowledgement which is to be recorded in the office of a recorder of deeds, he shall print, stamp or type his name, and he shall designate in writing, in any certificate signed by him, the date of the expiration of his commission. No notary public shall change his seal during the term for which he is appointed, and he shall authenticate therewith all of his official acts, and the record and copies, certified by the proper custodian thereof, shall be received in evidence.
Section 486.040, RSMo Supp. 1975, was repealed and several new statutes concerning notaries were enacted in H.B. 513, Laws of Mo., 1977, p. 642. One new statute was Section 486.285, RSMo 1986, which provides in pertinent part:
 1. Each notary public shall provide, keep, and use a seal embosser engraved to show the words "Notary Seal", his name, "Notary Public", and "State of Missouri".
Thus, the 1986 statute does not require the notarial seal to include the name of the county or city, if appointed for such city, in which the notary resides and has his office. The 1986 statutes do, however, still contain certain requirements concerning the county of residence in the following sections. Section 486.295, RSMo 1986, provides:
 Any notary public who changes the address of his residence in the county within and for which he is commissioned shall forthwith mail or deliver a notice of the fact to the secretary of state including his old address and his current address. The secretary of state shall notify the county clerk of the change of address. The notary's commission shall remain in effect until its expiration date, unless sooner revoked.
Section 486.315, RSMo 1986, provides:
 If a notary public has ceased to have a residence address in the county within and for which he is commissioned, his commission shall thereupon cease to be in effect, unless the secretary of state issues an amended commission. When a notary public, who has established a residence address in a county of the state other than the county in which he was first commissioned, requests an amended commission, delivers his current commission, notice of change form, and five dollars to the secretary of state, the secretary of state shall issue an amended commission to him, for the county in which his new residence is located and shall notify the county clerk of the county where the notary's new address is located. After requesting an amended commission, the notary may continue to perform notarial acts with certificates showing the county within and for which he is commissioned, until he receives his amended commission.
From your opinion request, it appears that there are notary publics who are continuing to use seals which still include the county of residence. It also appears that a county recorder of deeds has refused to accept for recording documents imprinted with a notarial seal which includes the county of residence of the notary public before whom the documents were executed.
For the reasons set forth below, it is the opinion of this office that the county recorder of deeds may not refuse to accept for recording documents imprinted with a notarial seal which includes the county of residence of the notary public before whom the documents were executed.
Although there are no Missouri cases directly on point, the case of New v. Corrough, 370 S.W.2d 323 (Mo. 1963), is instructive. In that case, the court stated:
 The next issue is whether the omission of the expiration date of the notarial commission on the ballot envelopes invalidated the absentee ballots so as to justify their rejection by the election officials. . . .
 Section 486.040, RSMo 1959, V.A.M.S., applying only to notaries public, provides that every notary public among other things "shall designate in writing, in any certificate signed by him, the date of the expiration of his commission." It has been held, however, that the failure of the notary public to designate in the certificate the expiration date of his commission does not destroy the effectiveness of his certification [citations omitted].
Id. at 326. Thus, the omission of the expiration date of a notary's commission is not fatal to the effectiveness of a notary certification. Then, it would only seem logical that the inclusion of an item on a seal, such as the county of residence, which is not required, should also not be fatal to the effectiveness of a notary certification.
In addition, 66 C.J.S. Notaries, Section 8, provides in pertinent part:
 A notary's certificate, in order to be effective as such, must comply with legal requirements pertaining to matters of substance, but unsubstantial defects in matters of form will not render the certificate invalid.
* * *
 The requisites of a notary's seal are fixed and controlled by the law of the locality from which he derives his authority. At common law notaries may provide seals of their own choice. Statutory provisions concerning the emblems, devices, and legends to be borne by the seal have been held to be only directory, and want of compliance therewith has been held not to vitiate the seal or the certificate, but other statutes have been held to require compliance with their terms as a prerequisite to the validity of the seal or the certificate. Slight variations from the legal requirements as to the form of a seal may not invalidate the notarial certificate, as long as there is substantial compliance, and it has been said to be the seal itself, not the name, words, or device on it, that gives authenticity [footnotes omitted].
Similarly, 7 A.L.R., p. 1665, states:
 In fact it has been said that since it is the seal, and not its composition or character of words or devices, which raises the presumption of official character, any impression made upon wax or wafer adhering to the paper, "without any device or words indicative of the particular official," is entitled to judicial sanction as evidence of the notarial character of the individual signing his name as such. Re Phillips (1876) 14 Nat. Bankr. Reg. 219, Fed. Cas. No. 11,098.
* * *
Therefore, in light of these authorities and in light of the fact that Missouri law still attaches significance to the county of a notary's residence, the inclusion of the county of residence on a notarial seal, which is not required to be present on the seal, is not fatal to the seal's authenticity or effectiveness. In addition, if there is substantial compliance with the legal requirements as to the form of a seal, it should not invalidate the certificate. If all of the other legal requirements for the form of the seal have been met, then even with the inclusion of the county of residence on the seal, there would be substantial compliance.
It is the opinion of this office that a county recorder of deeds may not refuse to accept for recording documents imprinted with a notarial seal which includes the county of residence of the notary public before whom the documents are executed.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General