**WOODS, for and on Behalf of UNITED STATES v. MALAS.**

Civ. No. 1971.

United States District Court
W. D. Wisconsin.

Nov. 19, 1948.

William F. Morrissey, Litigation Atty., Office of the Housing Expediter, of Chicago, Ill., for plaintiff.

Roland B. Day (of Maloney & Wheeler), of Madison, Wis., for defendant.

STONE, District Judge.

The complaint herein charges the defendant with a violation of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., and the Controlled Housing Rent Regulation issued pursuant to the Act in that the defendant demanded and received from the tenants, higher rents than the maximum rents prescribed under the authority of the Act and Regulations.

Plaintiff seeks judgment directing restitution of the alleged overcharges and a permanent injunction restraining defendant from demanding or receiving any rent in excess of the maximum rent prescribed by the Act and Regulations for the premises in question which consist of three units of the defendant's apartment building.

The defendant is the owner of a three-story brick building in Madison, Wisconsin, which before conversion consisted of six

---

[2] No opinion for publication.

units, all of which he remodeled and converted into twelve apartments. The tenants in three units remained in possession and occupancy during the remodeling and alteration thereof. Following completion of the work the defendant applied for decontrol of the twelve apartments and the local Rent Director granted his application. Thereafter, the Regional office of the Housing Expediter issued an interpretation of Section 1(b) (2) (ii) of the Controlled Housing Rent Regulation to the effect that where a tenant remains in possession and occupancy of a unit of the premises during the conversion period, such unit or part thereof so occupied by the tenant remains under the control of the Housing Expediter' and subject to the Act and Regulations issued pursuant thereto. The units involved herein therefore remained under the control of the Housing Expediter and subject to the Act and Regulations issued pursuant thereto. The interpretation made by the Regional Director was approved and adopted by the National office of the Housing Expediter and became the official interpretation of that office of the section of the Act involved herein.

When the interpretation was issued by the Regional office the local Rent Director vacated and set aside the decontrol order that he had issued as to the three units which were occupied by the tenants during the conversion period.

After completion of the remodeling of the building the defendant set rentals for all units in the structure and the Rent Director determined the maximum rentals on the three apartment units decreasing the rentals for these units as set by the defendant. Notwithstanding the order of the Rent Director, the defendant, contending that the order was invalid and that the units were decontrolled, continued to collect rent in excess of the maximum rentals from the tenants occupying the three units up to April 19, 1948. Thereafter the defendant collected the rental as fixed by the Rent Director.

The question for determination by this Court is whether a unit of a building being converted into additional apartments in which the tenant remains in occupancy during the conversion period remains under the control and subject to the Housing and Rent Act of 1947.

Section 202(c) (3) (A) of the Housing and Rent Act of 1947, as amended, 50 U. S.C.A.Appendix, § 1892(c) (3) (A), and Section 1(b) (2) (ii) of the Controlled Housing Rent Regulation, reads as follows:

"(c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include * * *

"(3) any housing accommodations (A) the construction of which was completed on or after February 1, 1947, or which are additional housing accommodations created by conversion on or after February 1, 1947, * * *."

The Housing and Rent Act limits decontrol to additional housing accommodations. That part of the building retained and occupied by the tenants during the conversion is not an additional housing accommodation. The additional units can readily be identified and as such are the only units in defendant's building that may be decontrolled under the Act.

This interpretation of the Housing Expediter tends to carry out the purpose of the act as a whole and is binding on this Court unless clearly erroneous or inconsistent with the Regulations. In Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700, the Court said:

"Since this involves an interpretation of an administrative regulation a court must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt. The intention of Congress or the principles of the Constitution in some situations may be relevant in the first instance in choosing between various constructions. But the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation."

In Bowles v. Mannie & Co., 7 Cir., 155 F.2d 129, 133, the Court said:

"* * * we must, however, be mindful of the admonition of the courts that the

construction given to a statute (regulation) by those charged with the duty of executing it is always entitled to the most respectful consideration, and ought not to be overruled without cogent reasons."

I am satisfied that there is nothing in the interpretation of this Regulation that is erroneous or inconsistent with the Regulation.

Therefore, the plaintiff is entitled to the injunctional relief demanded in the complaint, with costs.

The defendant has complied with the order of the local Rent Director since May 1, 1948, and will not be required to make a refund to the tenants involved in this action for the excess rental charged prior to May 1, 1948.

Plaintiff's counsel may prepare proposed findings of fact and conclusions of law.