**WOODS v. SWANK et ux.**

No. 12268.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1948.

Rehearing Denied Feb. 12, 1949.

Ed Dupree, Gen. Council OHE, Hugo V. Prucha, Asst. Gen. Council OHE and Nathan Siegel, Sp. Lit. Atty. OHE, all of Washington, D. C., and H. C. Happ, Regional Rent. Atty. OHE and J. Edwin Fleming, Lit. Atty. OHE, both of Dallas, Tex., for appellant.

Albert J. Delange and C. M. Hudspeth, both of Houston, Tex., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is a suit brought by the Housing Expediter against the defendants for injunctive relief, restitution, and damages pursuant to Section 205 (a) and (e) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 925 (a, e), for alleged violation of the Rent Regulation for Housing. The complaint charged that the defendants are the owners of housing accommodations known as Unit No. 2 of an apartment house at 607 W. Gray St., Houston, Texas, within the Houston Defense-Rental Area; and that from August 1, 1946, through December 9, 1946, they had violated the act and the regulations by demanding and receiving from one Charles E. Norton, Jr., a tenant, the sum of $163 in excess of the maximum legal rental for the housing unit in question. As relief, the plaintiff asked for judgment restraining defendants from further violations of the act, and ordering defendants to make restitution to the tenant of the $163 and to pay to the United States as damages $326, double the amount of the overcharge, or, in the alternative if restitution to the tenant was denied, to pay to the United States as damages $489, treble the amount of the overcharge. Defendants first denied making any overcharge, then pleaded that, if they

had violated the act, the violation was not willful, nor was it the result of failure to take practical precautions to avoid violation. When the case came on to be heard, plaintiff, to show the ceiling price, placed upon the witness stand one John C. Harris, Jr., employed at the Area Rent Office as area rent attorney. He testified that he was in charge of the files of the Rent Area Office, where, in accordance with the housing and rent act, records were required to be kept. He produced from the files, and the plaintiff offered in evidence, a registration statement which described 607 W. Gray, Apartment No. 2, and showed the ceiling price to be $40 a month. On objection, the document was excluded by the court. Beyond this document, no evidence was offered except testimony to show that Norton had paid $75 per month during his tenancy and that there had been no discussion between Norton and the defendants as to the rental ceiling on the property. Upon motion, the trial judge held in favor of defendants, and in connection with his ruling entered the following findings:

" * * * the only evidence that plaintiff offers as to the ceiling price is this document, Plaintiff's Exhibit 1, without date and in which the name of the landlord is purportedly Mr. and Mrs. R. L. Morgan, and which is purported to be signed by Mrs. R. L. Morgan, which instrument was excluded on the objection of the defendant because of failure to prove the execution of it, failure to show its date, and the failure to show when it came into possession of the OPA, if it did; the only evidence in respect to it being that it was found in the file of Mr. Harris, one of the attorneys for the OPA, and so produced in court."

From an adverse judgment based upon the trial judge's findings, the plaintiff prosecuted this appeal. In this court he urges that, under the provisions of Title 28 U.S. C.A. § 695,[1] the registration statement should have been admitted as a record made in the regular course of business. Had plaintiff proved its execution as an official memorandum or record, or that it was made in regular course, the instrument might properly have been admissible; but plaintiff did not substantially fill either of these requirements for its admissibility: Reference to it reveals, as the lower court found, that it is without date and bears no stamp showing when it was filed with the OPA, if it was filed at all; the name of the tenant in whose behalf restitution is sought does not appear on it, nor does either of the names of the appellees. There is no evidence to show that the party who purportedly signed the instrument ever actually owned the property or that the appellees claim under her, no showing that the document was a subsisting registration and applicable to the premises for which the alleged overcharge was made.

In view of these obvious deficiencies, we cannot say that the registration statement meets the requirements, liberal as they are, of the statute on which appellant relied.

The judgment appealed from is

Affirmed.

---

[1] "Sec. 695. Admissibility. In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of said act, transaction, occurrence, or event, if it shall appear that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include business, profession, occupation, and calling of every kind. (June 20, 1936, c. 640, § 1, 49 Stat. 1561.)" 1948 Judicial Code, 28 U.S.C.A. § 1732.