## CHAMBLESS v. WOODS, Housing Expediter.
### No. 12941.

United States Court of Appeals
Fifth Circuit.

May 17, 1950.

Edward C. Fritz, Dallas, Texas, for appellant.

Francis X. Riley, Sp. Litigation Atty., Benjamin I. Shulman, Sp. Litigation Atty., Ed Dupree, Gen. Counsel, Huge V. Prucha, Asst. Gen. Counsel, Office of Housing Expediter, Washington, D. C., for appellee.

Before HOLMES, WALLER and BORAH, Circuit Judges.

WALLER, Circuit Judge.

The local rent attorney was allowed, over the objection of counsel for the defendant, to give oral testimony as to what was the maximum allowable rental on the housing accommodations involved in this case.

We think that the objection was well taken and should have been sustained. The record, which was available to the Government and which apparently was in custody of the witness, was the best evidence. See Woods v. Swank, 5 Cir., 170 F.2d 885.

It will not do to say that the defendant was offered access to the records by the Court and that defendant could have offered same in evidence had she seen fit. The burden of making proof as to the maximum rental was on the plaintiff.

Since the judgment must be reversed for the aforementioned error in the trial, it is not necessary that we pass upon the specification of error based upon the refusal of the Court below to dissolve the injunction. Cf. Moore v. U. S., 5 Cir., 182 F.2d 332; U. S. v. Moore, 5 Cir., 182 F2d 336; Jackson v. Woods (Woods v. Jackson), 5 Cir., 182 F.2d 338.

Reversed and remanded.