### UNITED STATES v. PRICE et al.
### Civ. No. 560.

United States District Court
W. D. Kentucky, at Paducah.
Sept. 30, 1952.

Paul Marshall, Chief Litigation Section and Winfield Morline, Enforcement Atty. Litigation Section Office of Rent Stabilization, Cleveland, Ohio, for plaintiff.

James G. Wheeler and Wheeler & Marshall, Paducah, Ky., for defendant.

SHELBOURNE, Chief Judge.

The action was filed June 13, 1951 by the United States, on behalf of the Housing Expediter, under Sections 205 and 206(b) of the Housing and Rent Act of 1947 as amended, Title 50 U.S.C.A.Appendix, § 1881, et seq.

Plaintiff seeks to recover $697 the alleged amount of rentals received by the defendants in excess of the maximum rentals for a residence on R.F.D. No. 6, Paducah, Kentucky, rented by defendants to William R. Barksdale, during the period December 1, 1947 and extending through the month of May 1951.

The original complaint sought to recover certain penalities and that portion of the complaint has been dismissed by agreement.

Defendants filed answer containing six defenses—

No. 1 challenged the sufficiency of the complaint.

No. 2 was an admission of the failure of the tenant Barksdale to institute a previous action, which is a condition precedent to the right of the Government to sue.

The third an allegation that the housing accommodations were not subject to the Housing and Rent Act of 1947 after December 31, 1950.

The fourth defense was an affirmative allegation that the housing accommodations in question were not subject to the Housing and Rent Act of 1947 between December 31, 1950 and March 23, 1951.

The fifth defense was that the violation, if there was any, was neither wilful nor the result of failure on the part of defendants to take practicable precautions against the occurrence of violations.

In the sixth defense, defendants set out in detail the improvements which they insist entitled them to an adjustment in rents, which if made would have resulted in no overcharge within the meaning of the Act.

The alleged improvements were one room added at a cost of $560; a bathroom installed at a cost of $900; connection made with City water at a cost of $35; a back porch constructed at a cost of $150; two partitions removed and a closet built at a cost of $148; an acre of ground fenced at a cost of $150, and the yard landscaped at a cost of $50.

Subsequently, an amended answer was filed in which it was alleged that the housing accommodations referred to in the complaint were created by a change from non-housing to housing use on or after February 1, 1947.

In the amendment, it was alleged that prior to December 1, 1947, while the building was occupied by its owners, the upstairs was floored, creating space for two or three additional rooms; a stairway communicating with the upper floor constructed and electric wiring for an electric stove completed.

They allege that the improvements exempted the housing accommodations from the Rent Act, pursuant to the provisions of Section 1892, Title 50 U.S.C.A.Appendix.

The case was tried to the Court without a jury.

Upon the testimony, the Court makes the following—

### Findings of Fact.

1. Prior to December 1, 1947, A. C. Thompson owned a dwelling house located on Rural Route No. 6, near Paducah, in McCracken County, Kentucky, consisting of five rooms, which was rented by its then owner to Don Thorn at a monthly rental of $18.

Subsequently, and on November 24, 1947, A. C. Thompson, who was then in the actual occupancy of the premises, sold the same to the defendants Virginia Price and Norman W. Price.

2. The premises had been by A. C. Thompson and Virginia Price materially improved. The house was painted; a chicken yard fenced; a bathroom constructed and connection made with the city water by Mrs. Price. A. C. Thompson had floored the attic, inclosing a space for rooms 12 by 30 feet and moved three partitions downstairs.

3. On December 1, 1947, Mrs. A. C. Thompson, acting for the defendants, Mr. and Mrs. Price, rented the premises to William Barksdale and his wife for $35 per month and the Barksdales continued in the occupancy of the premises from December 1, 1947 until June 1, 1951.

4. During said period of rental, the tenant William Barksdale paid as rental for the premises $35 per month, except four months beginning February 1, 1950 and extending through May 1, 1950. For said last named four-months period, monthly rental was paid at the rate of $32.50.

From December 1, 1947, continuously through the month of May 1951, said premises were located within a defense rental area in McCracken County, Kentucky and on said date—December 1, 1947—the maximum legal monthly rent on said premises, by virtue of the registration thereof by the then owner A. C. Thompson, was $18 per month.

5. During the period from December 1, 1947 through May 1951, the defendants collected rent in excess of the legal maximum rent in the total sum of $687. The collection of said rental in excess of the maximum legal rental was neither wilful nor the result of failure on the part of defendants to exercise practicable precaution against a violation of the Housing and Rent Act of 1947, as amended.

The Court makes the following—

## Conclusions of Law.

I. This Court has jurisdiction of the parties and of the subject matter in controversy. Housing and Rent Act of 1947, as amended, Sections 205 and 206(b), Title 50 U.S.C.A.Appendix, § 1895(c).

II. The contention of the defendants that the Paducah Defense Rental area was not subject to the Housing and Rent Act after December 21, 1950 is disallowed.

The Act was extended by the Eighty-First Congress, Act Dec. 20, 1950, 50 U.S. C.A.Appendix, § 1894 note, to March 31, 1951 and later on March 23, 1951 was extended by the Eighty-Second Congress by a Senate Joint Resolution, to June 30, 1951, 50 U.S.C.A.Appendix, § 1894(f).

III. The more serious contention of defendants, that the premises were decontrolled under the provisions of the Housing and Rent Act of 1947, as amended, is rested upon Section 202 of the Act, which defines "controlled housing accommodations" in any defense rental area which does not include * * * any housing accommodations which constituted additional housing accommodations created by conversion on or after February 1947. That section of the Act authorized the Housing Expediter to issue certain regulations and orders.

Pursuant to that authority, the Housing Expediter did exempt premises from the Housing and Rent Act which consisted of housing accommodations, which were completed on and after February 1, 1947, or which constituted additional housing accommodations created by conversion on or after February 1, 1947. The word "conversion" was defined by the regulations to mean (1) a change in a structure from a non-housing use, or (2) a structural change in a residential unit or units involving substantial alterations or remodeling and *resulting in the creation of additional housing accommodations*.

It will be noted that the premises in question prior and subsequent to February 1, 1947, were occupied by a single family and have never had multiple occupancy and no contention is made that alterations adapted the premises to multiple occupancy.

In the case of United States v. Patton Adjustments Inc., D.C.W.Va., 99 F.Supp. 644, 646, the Court said—

"The purpose of the Act is to encourage and stimulate the construction of new units of housing, to the end that inflationary pressures generated by a shortage of available housing units during an abnormal post-war period will be gradually released by the creation of new housing units to the extent that the law of supply and demand will one day supplant the present statutory controls. Manifestly, the mere improvement of existing housing accommodations adds nothing to the number of units available, and does not further the purpose of the Act."

Built-in cabinets were installed in the kitchen, the premises painted and redecorated, and the attic wired and finished for use in connection with the first floor living quarters. The front lawn was filled in and a new entrance to the house provided at one side, all of which was held not to constitute additional housing accommodations created by conversion.

The annotation in 10 A.L.R.2d beginning at page 249 and on pages 275, 276 and 277 is to the effect that construction which does not actually create new units—that is, new housing accommodations, does not exempt the property from the provisions of the Housing and Rent Act.

In the case of Woods v. MacNeil Bros. Co., D.C.Mass., 80 F.Supp. 920, 922, substantial improvements were made to premises, but the Court held that they were not sufficient to exempt the property from the Housing and Rent Act, saying—

"But the mere providing of additional facilities to improve existing accommodations does not create new accommodations. * * * Nor can it be said that a facility which is newly provided, e.g., the central heating plant here, where none previously existed, is itself the housing facility which was constructed. * * * It is in accordance with the other provisions of this section to hold that the construction of housing accommodations, which is

placed first of all, is the construction of new accommodations, and not the improvement of existing accommodations which adds nothing to the number of dwelling units available."

In that case "construction", as used in the Act, was construed as referring to entirely new dwelling units and "conversion" as to such changes in existing buildings as to provide additional housing units, which did not exist before.

See also Woods, for and on behalf of United States v. Malas, D.C.Wis., 81 F. Supp. 485.

Counsel has referred to no case which would set a precedent for a conclusion that improvements to the premises in question in this case, resulted in new housing accommodations by conversion.

It is concluded that plaintiff is entitled to recover judgment in single the amount of the overcharge, amounting to $687, with costs and interest as prayed.

Judgment for this amount may be tendered, on notice to defendant.