No. 352253

## MINNIE HABERMAN

v.

## LENA BENEDETTO, A/K/A

(September 12, 1954)

*Lewiton, J.* In this action of contract, which was commenced in September, 1952, the plaintiff seeks to recover statutory damages for rental overcharges made by the defendant in violation of the provisions of the Housing and Rent Act of 1947, as amended, 61 Stat. 193, 63 Stat. 18, 66 Stat. 306, 50 U.S.C. Appendix, §1895.

At the close of the trial, the defendant's requested ruling that the evidence was insufficient to warrant a finding for the plaintiff was denied, and the court made a finding for the plaintiff in the sum of $936.00 and also awarded the plaintiff an attorney's fee in the amount of thirty-five dollars. The case is here on report of the defendant's claim that she was aggrieved by the denial of her requested ruling.

The denial of the requested ruling was proper.

The evidence at the trial tended to show the following facts:

In May, 1951, the plaintiff became a tenant of the defendant in a dwelling unit consisting of four rooms, bathroom and back piazza, on the second floor of

certain premises at 111 Baker Avenue, Revere, and continued to occupy those premises until September 15, 1952. During that period the plaintiff paid a rental of forty-five dollars per month to the defendant.

The plaintiff introduced in evidence a landlord's registration certificate, filed originally with the Office of Price Administration, pertaining to a dwelling unit designated as "suite 2 (second floor)" of the aforementioned building at 111 Baker Avenue, consisting of four rooms, with "bathroom and toilet shared with suite 3." The certificate, which bore a filing stamp dated January 11, 1953, and stated that it was filed by one Lena Goldberg, the "landlord" of the premises, contained a statement that the premises were then vacant; that on March 1, 1952 the rent paid for said premises was nineteen dollars per month, and that the maximum legal rent for the said dwelling unit was nineteen dollars per month. A pencilled notation on the bottom of the registration certificate said: "This tenant was to make all necessary repairs to this building and cottage adjoining." There was no evidence of repairs required of the tenant.

There was further evidence that the defendant acquired the premises from a person named Goldberg in 1942 or 1943; that a son of the defendant managed the property for her and collected the rents in question from the plaintiff; that he did not know of the existence of any rent registration certificate pertaining to these premises.

Answers by the defendant to interrogatories filed by the plaintiff stated that neither the defendant nor any agent in her behalf petitioned the Office of Price Administration or the Office of the Housing Expediter, at any time between the date of the first registration of said premises and October, 1952, "for leave to increase the maximum legal rent for the dwelling unit on the second floor at 111 Baker Avenue, Revere, Massachusetts, from the legal maximum rent established at nineteen dollars to a higher figure."

In his oral argument before this Division, counsel for the defendant suggested that with the expiration, on July 31, 1953, of the underlying Federal statute upon which this action is based, the cause of action itself ceased to exist. *Cf. Pittsley v. David,* 298 Mass. 552. However, the general principles upon which that suggestion is based are inapplicable to this situation, since the Act of Congress by which the life of the Housing and Rent Act of 1947 was extended to July 31, 1953 expressly provided that notwithstanding any of the provisions fixing the termination date of the statute, "the provisions of this title and regulations, orders, and requirements thereunder shall be treated as still remaining in force for the purpose of sustaining any proper suit or action with respect to any right or liability incurred prior to the termination date specified in such paragraph." Act of April 30, 1953, c. 31, P.L. 23, §5 (c) 83rd Cong., 1st Sess., 50 U.S.C. App., §1894. *U.S. v. Moore,* 340 U.S. 616, *U.S. v. Auerbach,* 68 F. Supp. 776.

Even apart from the specific "saving clause" contained in the aforementioned statute, the cause of action in the instant case would survive by reason of the provisions of the general saving clause in 1 U.S.C., §109, 61 Stat. 633. *U.S. v. Carter,* 171 F. (2d) 530, *U.S. v. Auerbach, supra.*

The principal contention of the defendant in this case is that there was no evidence before the court from which it could determine what was the maximum legal rent for the premises occupied by the plaintiff during the period in question, and that consequently, the court could not properly find that the defendant had accepted amounts in excess of the maximum legal rent, or that the plaintiff was entitled to recover for any such alleged overcharges. We believe that there was sufficient evidence from which the trial judge could determine the pertinent maximum legal rent. For one thing, the defendant's answers to interrogatories, in which she stated that neither she nor any of her agents had at any time

filed a petition for leave to increase the maximum legal rent "from the legal maximum rent established at nineteen dollars" could be regarded by the trial court as containing an implicit admission by the defendant that the maximum legal rent was actually nineteen dollars per month.

Moreover, such a finding is supported by the original registration certificate filed with the Office of Price Administration, which, so far as appears from the report, was introduced in evidence without objection. The trial judge could properly find that the premises occupied by the plaintiff as tenant of the defendant were the same premises as those described in the registration certificate, and that the inclusion of a bathroom as part of the premises rented to the plaintiff, in place of a previously shared bathroom, did not thereby create new housing accomodations, See *Gilbert v. Thierry*, 58 F. Supp. 235 (D.C., Mass.), *aff'd.* 147 F. (2d) 603, *Woods v. MacNeil Bros. Co.*, 80 F. Supp. 920, 922, *U.S. v. Price*, 108 F. Supp. 497, 499, D.C., Ky.) And while the original registration certificate also bears a pencilled notation to the effect that the tenant was to make "all necessary repairs" to the building and the adjoining cottage, there was no evidence of any repairs having been required of the tenant. Moreover, the certificate stated categorically that the rent charged for those premises on March 1, 1942 was $19 per month, and this statement could be given such weight by the trial judge as he deemed appropriate. He could take judicial notice (G. L. c. 233, §70) that in section 204 (b) of the Housing and Rent Act of 1947, 61 Stat. 198, 50 U.S.C. Appendix, §1894, Congress adopted and established as the statutory maximum rent under that Act the maximum rent which was in effect on June 30, 1947 under the Price Control Act of 1942, as amended. It having been admitted that there had been no petition filed for leave to increase the maximum rent subsequent to the original registration, and there being no evidence that any increase had been autho-

rized, the court could properly conclude that the maximum legal rent of nineteen dollars per month, as set forth in the registration certificate, continued in effect through the period involved in this case.

It is true, of course, that the statements contained in the registration certificate are not conclusive as to the rent which was actually charged for these premises on the "freeze date," and that that amount must be factually determined by the court. *U.S. v. McCrillis,* 200 F. 2d 884, 887, *Kalwar v. McKinnon,* 152 F. 2d 263, *cf. Creedon v. Stratton,* 74 F. Supp. 170, 179. But the registration certificate, when introduced, could properly be considered by the court as evidence of the rent actually charged on that date. *Kolar v. Woods,* 189 F. 2d 736, *Woods v. Swank,* 170 F. 2d 885.

In fact, such a registration certificate may be treated as *prima facie* proof of the maximum legal rent of the premises in question. *Kolar v. Woods,* 189 F. 2d 736.

We need not decide whether we would give *prima facie* effect to such a certificate. It is sufficient for the purposes of this decision to refer to the general principle that any evidence, including hearsay, which is introduced without objection and is relevent to the issues being tried may be given such weight as it is deemed entitled to by the trial court. *Ventromile v. Malden Electric Company,* 317 Mass. 132, 135; *Mahoney v. Harley Private Hospital, Inc.,* 279 Mass. 96, 100; *Brown v. Tuckerman,* 260 Mass. 584, 587; *Gethins v. Breeyear,* 252 Mass. 326, 327-8.

There being evidence to support a finding that the maximum legal rent for these premises was nineteen dollars per month during the period of occupancy by the plaintiff, and it being admitted that the defendant accepted rent payments in the amount of forty-five dollars per month from the plaintiff during that period, the defendant's requested ruling that the evidence was not sufficient to warrant a finding for

the plaintiff was properly denied.

*Report Dismissed.*

Walter T. Ollen, for the plaintiff.

S. E. Alsoi, for the defendant.