It is the conclusion of this court, for the reasons stated, that the relief sought by petitioner should be denied.

*Petitioner remanded to custody.*

KOVACHY and SKEEL, JJ., concur.

WALLACE, APPELLANT, *v.* CROUSE ET AL., APPELLEES.

(No. 4824—Decided March 10, 1955.)

*Mr. Walter R. Hill,* for appellant.
*Messrs. Tyack & Gertner,* for appellees.

WISEMAN, J. This is an appeal on questions of law from a judgment rendered in favor of the defendants by the Municipal Court of Columbus in an action in forcible entry and detainer, and for rent claimed to be due.

All errors assigned are encompassed in two claims of the appellant: That the judgment is contrary to law; and that the court erred in ruling that the premises involved were not decontrolled.

Appellant contends that the premises were a hotel. Even

though the appellant was granted a license to operate a hotel by the State Fire Marshal, on the facts adduced we have no difficulty in holding that the trial court properly found that the structure was not a "hotel," as defined in the Housing and Rent Act of 1947, as amended—Title II, Section 202, (c) (1) (61 Stats. at L., Pt. 1, 196, 197).

The appellant contends that the premises were decontrolled by conversion. Subsequent to February 1, 1947, and prior to April 1, 1949, the appellant, the owner of the premises, made alterations which consisted principally of extending the rear of the three-story structure by enclosing a porch, by which two additional sleeping rooms were constructed and added on each of the three floors of the original structure. Before alterations, the structure contained 12 rental units, and when alterations were completed it contained 18 rental units on the three floors and an additional basement rental unit. The rental unit occupied by the defendants was in the front of the structure on the first floor, and this unit, together with the other original units, was not changed or disturbed in any manner. The trial court found that "the particular front apartment occupied by the defendants was not converted or remodeled so as to become a part of additional housing accommodations." Do the facts bring the Crouse rental unit within the exception to controlled accommodations as provided in the Housing and Rent Act of 1947 as amended? Under Section 202 (Definitions) in subsection (c), 61 Stats. at L., Pt. 1, 196, 197, it is stated:

"The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include—

"" * * *

"(3) any housing accommodations (A) the construction of which was completed on or after February 1, 1947, or *which are additional housing accommodations created by conversion on or after February 1, 1947*" * * *. (Emphasis added.) See Title 50, Section 1892, Supp., U. S. Code.

The Housing Expediter issued regulations implementing the statutory enactments, and in Section 1 (b) the regulation provides:

"Housing to which this regulation does not apply. This regulation does not apply to the following:
"* * *

"(8) Accommodations first offered for rent. (i) Housing accommodations, the construction of which was completed on or after February 1, 1947, *or which are additional housing accommodations created by conversion on or after February 1, 1947* * * *.
"* * *

"For the purposes of this paragraph (8) the word 'conversion' means (1) a change in a structure from a nonhousing use or (2) *a structural change in a residential unit or units involving substantial alterations or remodeling and resulting in the creation of additional housing accommodations.*" (Emphasis ours.)

This case does not involve the question as to whether any of the new accommodations are controlled. The question is whether the structural changes in the rear of the building, by which additional acommodations were provided, decontrolled other rental units which were not changed or disturbed by the structural changes.

Counsel for the appellant cites three cases in support of the contention that the entire premises, consisting of 19 rental units, were decontrolled by the structural changes. In our opinion these cases can be distinguished on the facts. In *Flynn* v. *Woods* (C. C. A., 8, 1950), 181 F. (2d), 867, a five-room flat was converted into two separate self-contained units, and plumbing was installed in each separate unit. The court held that the creation of two new units out of one single flat constituted a conversion, and consequently the premises were decontrolled. In *United States* v. *Beatty* (1949), 88 F. Supp., 791, a single housing unit was converted into two complete, self-contained housing units, whereby additional accommodations were provided. The court held that the premises were decontrolled. In *Woods* v. *Baker* (1949), 84 F. Supp., 339, where the structure originally contained two units, one on the first floor and one on the second floor, and the first floor was converted into two apartments, the court held the first floor was decontrolled. In

that case the court was careful to point out that the second floor was not converted.

Counsel for the appellee cite three cases wherein the facts bear a close similarity to the facts in the instant case. In *Comstock* v. *Mahon* (1948), 76 N. Y. Supp. (2d), 642, the second paragraph of the headnotes is as follows:

"Under provision of Housing and Rent Act excepting from control newly constructed housing accommodations completed after February 1, 1947, newly constructed housing units and additional housing units created by conversion are exempt but units previously existing within converted structure are not exempt and hence where landlord constructed three new apartments on third floor after specified date, changes did not take out from rent control every apartment in structure but only the apartments on the third floor. Housing and Rent Act of 1947, Sections 1 *et seq.*, 202 (b, c), 50 U. S. C. A. Appendix, Sections 1881 *et seq.*, 1892 (b, c)."

In *Woods* v. *Malas* (1948), 81 F. Supp., 485, the first and second paragraphs of the headnotes are as follows:

"Interpretation of Housing Administrator of Housing and Rent Act of 1947 is binding on District Court unless clearly erroneous or inconsistent with regulations. Housing and Rent Act of 1947, 50 U. S. C. A. Appendix, Sections 1881 *et seq.*

"Units of six-unit apartment building in possession and occupancy of three tenants while building was being remodeled and converted into 12-unit apartment building remained under control and subject to Housing and Rent Act of 1947, since part of building retained and occupied by tenants during conversion was not an 'additional housing accommodation' subject to decontrol under the Act. Housing and Rent Act of 1947, Section 202 (c) (3) (A), 50 U. S. C. A. Appendix, Section 1892 (c) (3) (A).

"See Words and Phrases, Permanent Edition, for other judicial constructions and definitions of 'Additional Housing Accommodation.' "

In *United States* v. *Patton Adjustments, Inc.* (1951), 99 F. Supp., 644, where the house originally consisted of a single-family brick cottage, containing five or six rooms on the main

floor, an unfinished attic, and a full basement, and where the owner in the latter part of the year 1948 converted what was formerly the basement into a two-room and a bath apartment and made certain improvements in the main or first floor unit, building in cabinets in the kitchen, painting and redecorating the interior, wiring the attic and finishing it for use as an adjunct of the first floor living quarters, the court held that the living quarters on the main or first floor were not decontrolled. The first paragraph of the headnotes is as follows:

"Installation, in first floor unit, of built-in kitchen cabinets, painting and redecorating premises, wiring and finishing attic as an adjunct of the first floor living quarters, and filling in front lawn, were insufficient to bring first floor unit within exemption as a decontrolled housing accommodation granted in Housing and Rent Act of 1947 by virtue of a conversion thereof after February 1, 1947. Housing and Rent Act of 1947, Sections 202 (c) (3), 204 (b, d), 206 (a), as amended, 50 U. S. C. A. Appendix, Sections 1892 (c) (3), 1894 (b, d), 1896 (a)."

The facts in the *Patton case* make a stronger case for decontrol than the facts in the instant case.

In our opinion the Crouse rental unit was not decontrolled and the excess money rent paid by Crouses was properly applied to the payment of the legal rent chargeable, to wit, $10 per week. The trial court properly found that the defendant was not in arrears for the payment of rent; that there was no rent due; and judgment for the defendant was properly entered on both causes of action, the one for eviction and the other for rent.

We find no error in the record prejudicial to the rights of the appellant; the judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.